UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                          Case No. 17-mc-51571

Shahid Tahir,                                      Sean F. Cox
                                                           United States District Court Judge
      Defendant,

and

AIG,

      Garnishee.
_____/

**OPINION & ORDER
DENYING WITHOUT PREJUDICE GOVERNMENT'S ORAL MOTION
FOR EVIDENTIARY HEARING
OR SHOW CAUSE HEARING WITH DEFENDANT'S WIFE**

In a criminal case before this Court, Defendant Shahid Tahir ("Tahir") pled guilty to

conspiracy to commit healthcare fraud and this Court imposed a large fine and restitution award,

in addition to a term of imprisonment of 126 months. The Government is trying to garnish

various accounts and assets held by Tahir, in order to satisfy the fine and restitution. The

Government subpoenaed documents in the criminal case, that showed that Tahir has a life

insurance policy with a company called "American General Life Insurance Company."

The Government later filed this miscellaneous action, seeking to garnish various assets

1

and accounts, including that life insurance policy.[1]  The Government, however, sought and

prepared a writ of garnishment to "AIG" as the garnishee, without spelling out the actual name

of the entity referred to by that acronym, American International Group, Inc. ("AIG").  And

more importantly, AIG is not the entity that issued or possessed the policy at issue, so the

Government apparently named the wrong entity in the writ of garnishment that it requested and

obtained.  To compound the problem, the Government did not properly serve AIG with the writ

of garnishment.  If it had, AIG would have let the Government know of the error.  By the time

AIG learned of the erroneous writ, through informal communications with the Government's

paralegal, Defendant Tahir had already cashed out his policy with the correct entity, American

General Life Insurance Company.  After AIG learned of the writ of garnishment, it filed an

Answer indicating that it does not possess any policies belonging to Tahir.

The Government requested that this Court hold a show cause hearing with both AIG and

Tahir.  The Court held that show cause hearing on June 29, 2018.  At that time, the Government

advised that it had settled its dispute with AIG.  Tahir was represented by counsel at the hearing,

who gave an accounting of how the insurance proceeds that were deposited into Tahir's joint

bank account with his wife were spent.

At the hearing, Counsel for the Government orally requested that the Court order Tahir's

wife to appear before the Court, or hold an evidentiary hearing.  But Counsel could not explain

what relief it could ask of this Court, as to either Tahir or his wife, if the insurance proceeds have

already been spent.  As such, the Court shall deny the Government's request without prejudice.

---

[1]The docket reflects that Tahir had more than one life insurance policy that the
Government was seeking to garnish.  (*See, e.g.*, D.E.  No. 14, directed to Mass Mutual Life
Insurance Company.)

## BACKGROUND

In Criminal Case Number 15-20351, Defendant Tahir pleaded guilty to Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1347(a), and § 1343.  This Court sentenced Tahir to a term of imprisonment of 126 months.  This Court's November 21, 2016 judgment also ordered Tahir to pay a fine of $8,500,000.00 and restitution in the amount of $17,072,572.98.  Various assets were forfeited but a significant amount remains outstanding.

On February 14, 2017, the Government issued a subpoena to "AIG American General" in the criminal case, seeking any documents relative to financial transactions with Tahir.  (*See* Ex. 2 to Garnishee's Br.).  AIG's brief states that while "AIG American General" is not an actual legal entity, because the Government mailed it to American General's Legal Department, American General received notice of it and responded to it.

On March 7, 2017, paralegal Lisa Hamby at AIG Life and Retirement's Legal Department in Brentwood, Tennessee responded to the subpoena on behalf of American General Life.  (*See* Garnishee's Ex. 3).  The documents produced to the Government showed that Tahir owned a life insurance policy, Policy Number VL0041394, with American General Life of Delaware, and that entity merged with "American General Life Insurance Company" effective December 31, 2012.  (*See* Garnishee's Ex. 1).  Thus, it appears that the policy at issue in this petition is one that Tahir had with "American General Life Insurance Company."

On November 21, 2017, the Government filed this miscellaneous action in order to obtain writs of garnishment, directed to various entities that hold assets or amounts of money owed to Tahir.

On November 21, 2017, the Government requested and obtained a Writ of Garnishment

directed to:

> AIG
> HR Shared Services
> 2727 B. Allen Pkwy
> Houston, TX 77019

(D.E. No. 13).

The Certificate of Service filed by the Government on November 30, 2017 states that on

that same date the Government mailed the writ and related documents, *by regular U.S. mail*, to:

1) Tahir by "c/o Harold Gurewitz" who at that time was not representing in this miscellaneous

case;[2] and 2) AIG HR Shared Services at 2727 B. Allen Pkwy in Houston, Texas.  (D.E. No. 8).

Thus, it appears that the Government did not properly serve either the garnishee or the judgment

debtor with the writ of garnishment that was issued as to AIG.[3]

As the writ directed AIG to file an answer within ten days, when no answer was filed in

this action by AIG or AIG HR Shared Services within that time period, the Government could

have filed a petition for a show cause hearing, as provided by statute and noted by the

Government in the writ itself.  That would have been the first week of December of 2018.  But

---

[2]Acting *pro se*, on January 10, 2018, Tahir filed objections to several writs of garnishment, including the one directed to AIG.  In those objections, Tahir asserted that his conviction is not final until after he has filed a motion under 28 U.S.C. § 2255.  On February 12, 2018, this Court issued an order denying Tahir's request for garnishment hearings, because a motion under § 2255 cannot be used to challenge a fine or restitution that was included in a criminal judgment.  (*See* D.E. No. 26).  That order denied Tahir's requests for garnishment hearings on that basis, overruled his objections and requests for a stay, and upheld the writs. (*Id.*).

[3]The applicable statute requires the Government to serve the writ on both the garnishee and the judgement debtor.  28 U.S.C. § 3205(c)(3).

the Government did not do so.

Rather, it appears that the Government's paralegal used informal methods of communication (calls and e-mails) in order to reach AIG and try to get an answer to the writ.

On January 22, 2018, the Government's paralegal contacted Lisa Hamby, the person who had responded to the subpoena for documents in the criminal case against Tahir. She later provided Hamby with the writ of garnishment and related documents.

On February 22, 2018, AIG filed an Answer to the writ. (D.E. No. 27). It stated that "[a]fter a thorough search of its systems and records Garnishee was unable to locate an active policy for the individual Shahid Tahir in its systems." It also advised that Tahir's "former policy #VL00041394," which is the one with American General Life Insurance Company, "was surrendered on 1/18/2018 for the amount of $65,900.66; which originated from a 1/09/2018 surrender request." (*Id*. at Pg ID 131). The Answer indicates it was served on the Government on February 14, 2018, by certified mail.

On April 11, 2018 – almost two months after AIG sent the Government its Answer – the Government filed an "Ex Parte Combined Petition And Brief For Entry Of Order To Show Cause" (D.E. No. 33), in which it presented the following two issues:

**Issues Presented**

Should AIG, a corporation, the Garnishee, be required to appear before the Court and show good cause why it did not comply with the Writ?

Should the Defendant or his nominee be required to appear before the Court to account for the funds it [sic] received from AIG that were subject to the Writ and show cause why the funds should not be paid to the Clerk of the Court?

(*Id.* at Pg ID 161). This Court then issued the requested Show Cause Order (D.E. No. 38), that required AIG and Tahir to appear on June 29, 2018.

On May 11, 2018, AIG filed a response to the Government's Petition. In that response, it stated that: 1) the Government issued the writ of garnishment to the wrong entity because it did not issue, and does not possess, any policies owned by Tahir; rather, Tahir's policy was with American General Life Insurance Company; 2) AIG would have responded sooner, but the Government did not properly serve the writ and, despite that failure, it answered after it became aware of the writ; and 3) unfortunately the policy Tahir had with American General Life Insurance Company had already been cashed out by Tahir by the time that AIG learned of the writ. The conclusion section stated:

> Nothing in this response is meant to criticize the Government's laudable efforts to seize every asset Tahir has in order to satisfy the criminal judgment entered against him. However, companies the size of AIG and American General can only be effective allies in that effort if the Government *properly names* the garnishee for the assets its seeks to attach and *properly serves* the garnishee with process so that the persons tasked within that organization with responding to garnishments can timely answer the writ . . . Unfortunately, that did not happen here, and as a result the Government must now look to Tahir, not AIG, to recover the proceeds from his American General Life policy.

(Garnishee's Br. at 16-17) (emphasis added).

On June 19, 2018, Harold Gurewitz appeared in this action on behalf of Tahir. Mr. Gurewitz then filed a brief, and exhibits, indicating that the insurance proceeds that were deposited into Tahir's joint bank account with his wife have already been spent. (*See* D.E. Nos. 47 & 48).

## ANALYSIS

The Government's Petition presented the following two issues: 1) "Should AIG, a

corporation, the Garnishee, be required to appear before the Court and show good cause why it did not comply with the Writ?"; and 2) "Should the Defendant or his nominee be required to appear before the Court to account for the funds it [sic] received from AIG that were subject to the Writ and show cause why the funds should not be paid to the Clerk of the Court?"

## I.    Garnishee AIG

At the June 29, 2018 show cause hearing, the Government and AIG advised the Court that a settlement had been reached as to the Government's requests pertaining to AIG. As such, the Court need not make any determinations as to AIG.

## II.    Defendant Tahir

As to Defendant Tahir, the Government's Petition requested that Tahir be ordered to appear before the Court to "account for and turnover funds obtained from the Garnishee while having notice of the Writ and the proper procedure for challenging it, procedures which do not include obtaining the funds from the Garnishee in violation of the Writ." (Govt.'s Petition at Pg ID 157).

Mr. Gurewitz appeared at the show cause hearing and, as ordered by the Court, gave an accounting of what happened to the insurance proceeds at issue. Mr. Gurewitz advised, and presented the Court with checks to support, that the insurance funds at issue were deposited into Tahir's joint bank account with his wife and that the proceeds have since been spent.

Thereafter, at the show cause hearing, Counsel for the Government orally requested that the Court order Tahir's wife to appear before the Court, or that the Court hold an evidentiary hearing with Tahir and/or his wife. But Counsel for the Government could not explain to the Court what relief this Court could order, as to either Tahir or his wife, if the insurance proceeds

7

have already been spent.  Given that Tahir is already serving a lengthy prison sentence and has a

significant restitution balance remaining on his Judgment, it does not appear that holding him in

contempt or ordering him to repay the amount of the proceeds will accomplish anything.

Moreover, given that the Government never sought or obtained a writ of garnishment as

to American General Life Insurance Company, it does not appear that Tahir (or his wife)

obtained the proceeds in violation of a writ of garnishment.

Accordingly, the Court shall deny the Government's request without prejudice.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that the Government's oral request to have

Tahir's wife appear before this Court and/or hold an evidentiary hearing in this matter is

DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 3, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 3, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager